**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4410**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TENEKA CARNA BAILEY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00626-RBH-1)

Submitted:  July 22, 2010              Decided:  July 29, 2010

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South
Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teneka Carna Bailey pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of crack and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2006). At sentencing, Bailey was sentenced to the statutory minimum of ten years' imprisonment. Her counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but raising for the court's consideration whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Bailey's guilty plea and whether the sentence was reasonable. Bailey did not file a pro se supplemental brief. The Government also did not file a brief. We affirm.

We have reviewed the Rule 11 colloquy and conclude that Bailey's guilty plea was knowing and voluntary and that the district court complied with Rule 11. Accordingly, we affirm the conviction.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. As to procedural reasonableness, this court must assess whether the district court properly calculated the

2

guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany *every* sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as this court is satisfied "'that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision making authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) (alterations omitted)).

We conclude that the district court's sentence was both procedurally and substantively reasonable. The court did not have authority to impose a sentence below the statutory minimum.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bailey's conviction and sentence. This court requires that counsel inform Bailey, in writing, of the right to petition the Supreme Court of the United States for further review. If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Bailey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED